## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| VITAL PHARMACEUTICALS, INC., and DNP INTERNATIONAL CO., INC., | ) ) ) | |

Defendant.

### COMPLAINT

Plaintiff, Natural Alternatives International, Inc. ("NAII"), for its complaint against defendants, Vital Pharmaceuticals, Inc., ("VPX") and DNP International Co., Inc., ("DNP") alleges as follows:

### PARTIES

1.     NAII is a Delaware corporation with its principal place of business in San Marcos, California.

2.     VPX is a Florida corporation with its principal place of business located at 15751 SW 41st Street, Suite 300, Davie, Florida, 33331. Its products and services are offered to and may be purchased and/or used by citizens of Delaware.  VPX owns, maintains and/or operates a website at www.vpxsports.com, the content of which is incorporated herein by reference.

3.     DNP is a California corporation with its principal place of business located at 12802 Leffingwell Avenue, Bldg E, Santa Fe Springs, California, 90670.  DNP supplies beta-alanine to nutritional supplements manufacturers in the United States. Its products and services are offered to and may be purchased and/or used by citizens of Delaware. DNP owns, maintains

and/or operates a website at www.dnpint.com, the content of which is incorporated herein by reference.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement and false marking arising from Title 35 of the United States Code, 35 U.S.C. §§ 1 *et seq*., the Lanham Act, 15 U.S.C. § 1051 *et seq*., Delaware's Deceptive Trade Practices Act, 6 Del. Code § 2531, *et seq.*

5.     Exclusive jurisdiction over this matter is conferred upon the Court pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121(a).

6.     The exercise of personal jurisdiction over each defendant comports with the laws of the State of Delaware and the constitutional requirements of due process because the defendants transact business and/or offer to transact business within Delaware.

7.     Venue is proper in this District under 28 U.S.C. §§ 1391, 1400(b).

## FACTS

8.     NAII is a leading formulator, manufacturer and marketer of nutritional supplements and provides strategic partnering services to its customers.  NAII's comprehensive partnership approach offers a wide range of innovative nutritional products and services to their clients including: scientific research, clinical studies, proprietary ingredients, customer-specific nutritional product formulation, product testing and evaluation, marketing management and support, packaging and delivery system design, regulatory review and international product registration assistance.

9.     NAII is an exclusive licensee of U.S. Patent No. 6,426,361 ("the '361 patent"), issued on or about July 30, 2002, entitled "Methods and compositions for increasing the anaerobic working capacity in tissues."  A copy of the '361 patent is attached as Ex. 1 and incorporated by reference.

10.    NAII is an exclusive licensee of U.S. Patent No. 6,172,098 ("the '098 patent"), issued on or about January 9, 2001, entitled "Methods and compositions for increasing the anaerobic working in tissues." A copy of the '098 patent is attached as Ex. 2 and incorporated by reference.

11.    NAII is an exclusive licensee of U.S. Patent No. 5,965,596 ("the '596 patent"), issued on or about October 12, 1999, entitled "Methods and compositions for increasing the anaerobic working in tissues." A copy of the '596 patent is attached as Ex. 3 and incorporated by reference.

12.    VPX is a supplier of sports nutrition supplements, including supplements containing beta-alanine and creatine.  VPX provides instructions related to the use of sports nutrition supplements, including instructions related to the use and consumption of products containing beta-alanine and creatine.

13.    VPX makes, offers for sale and sells products that fall within the scope of one or more claims of the '361 patent.  In addition, VPX contributes to and induces others to infringe one or more claims of the '361 patent.

14.    VPX makes, offers for sale and sells products, and provides methods that fall within the scope of one or more claims of the '098 patent.  In addition, VPX contributes to and induces others to infringe one or more claims of the '098 patent.

15.    VPX makes, offers for sale and sells products, and provides methods that fall within the scope of one or more claims of the '596 patent.  In addition, VPX contributes to and induces others to infringe one or more claims of the '596 patent.

16.    VPX is not licensed or authorized to use NAII's intellectual property for all of the products they sell or methods they teach.

17.     On or about March 16, 2007, NAII provided VPX with actual notice of the patents-in-suit.

18.     VPX advertises and markets its beta-alanine products to the public.

19.     During all relevant times, VPX placed an advertisement in one or more national publications relating to, *inter alia*, beta-alanine, which represented that "Beta-Alanine is a hyper-performance ingredient **patented** to increase whole body creatine retention to crank out more sets and more muscle-blasting reps for increased lean mass!" (Emphasis added).  VPX has made the same representation to the public on its website, http://www.vpxsports.com/sports-nutrition-supplements/pre-workout/no-shotgun.aspx.

20.     VPX is not the owner or licensee of any patent that would cover VPX's products. As a result, its public advertisements, representations and statements that its beta-alanine products are patented are false and misleading and, in violation of 35 U.S.C. § 292, are also falsely marked with the intent to deceive the public.

21.     DNP is a global importer, supplier and distributor of raw ingredients to manufacturers in the nutritional supplement, food, beverage, cosmetic, animal nutrition and pharmaceutical industries.  DNP imports more beta-alanine than any other ingredient supplier. DNP expects to import more than 5000 metric tons of food-type beta-alanine in 2009.  DNP's importation of beta-alanine enables DNP to obtain an increased share of the bodybuilding market.

22.     DNP makes, offers for sale, sells and imports products that contribute to and induce others to infringe one or more claims of the '361 patent.

23.     DNP makes, offers for sale, sells and imports products that contribute to and induce others to infringe one or more claims of the '098 patent.

- 4 -

24.     DNP makes, offers for sale, sells and imports products that contribute to and induce others to infringe one or more claims of the '596 patent.

25.     On or about March 13, 2009, DNP contacted NAII to explore the possibility of licensing NAII's patents.  DNP, however, never agreed to license NAII's patents.

26.     On or about May 1, 2009, DNP issued a press release and posted a copy on its website, which represented, in pertinent part, that:

> DNP Tops U.S. Beta Alanine Imports in Quantity and Quality
>
> SANTA FE SPRINGS, Calif. (May 1, 2009) As part of its exclusive power product line, sourced from the largest Japanese manufacturer in the world, DNP International continues to lead the nation in importing more Beta Alanine than any other ingredient supplier. This year, the company expects to source more than 5,000 metric tons of its food type Beta Alanine ingredient, which contains less heavy metal content than the standard industrial grade. Management believes that sourcing more quality Beta Alanine will be crucial in dictating an increased share of the bodybuilding market.

"We are proud to say we are the finest and only source for Japanese Beta Alanine in the U.S.," said David Ji, president of DNP International. "As a direct source to many power products like Beta Alanine, our goal is to solidify our ties in the bodybuilding industry by offering a quality ingredient with large quantities." This release contains false and misleading statements, omits to state material facts, and is likely to cause confusion among consumers, including without limitation, that DNP is the "finest and only source for Japanese Beta Alanine in the U.S."

## COUNT I
**(Patent Infringement - VPX)**

27.     The foregoing allegations of this complaint are incorporated by reference.

28.     VPX has made, used, sold, offered for sale and/or imported products embodying the patented invention, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '361 patent, and will continue to do so unless enjoined therefrom.

29.     VPX has made, used, sold, offered for sale and/or imported products embodying the patented invention, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '098 patent, and will continue to do so unless enjoined therefrom.

30.     VPX has made, used, sold, offered for sale and/or imported products embodying the patented invention, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '596 patent, and will continue to do so unless enjoined therefrom.

31.     VPX has contributed to the use, sale and/or offer for sale by others of its infringing products, methods and services.

32.     VPX has induced the use, sale and/or offer for sale by others of its infringing products, methods and services.

33.     VPX's infringement has been willful.

34.     NAII has been irreparably harmed by VPX's acts of infringement and has suffered damages in an amount to be determined at trial.

## COUNT II
**(Patent Infringement - DNP)**

35.     The foregoing allegations of this complaint are incorporated by reference.

- 6 -

36. DNP has made, used, sold, offered for sale and/or imported products that contribute to and induce others to infringe one or more claims of the '361 patent, and will continue to do so unless enjoined therefrom.

37. DNP has made, used, sold, offered for sale and/or imported products that contribute to and induce others to infringe one or more claims of the '098 patent, and will continue to do so unless enjoined therefrom.

38. DNP has made, used, sold, offered for sale and/or imported products that contribute to and induce others to infringe one or more claims of the '596 patent, and will continue to do so unless enjoined therefrom.

39. DNP's infringement has been willful.

40. NAII has been irreparably harmed by DNP's acts of infringement and has suffered damages in an amount to be determined at trial.

## COUNT III
### (False Marking - VPX)

41. The foregoing allegations of this complaint are incorporated by reference.

42. VPX knowingly, willfully, and with intent to deceive the public, marked its products and/or product advertisements, literature, and website with a false patent marking stating that the products were patented.

43. As a direct and proximate result of the foregoing, VPX has violated and continues to violate 35 U.S.C. § 292 and should be fined the full amount of $500 for each offense.

## COUNT IV
### (Lanham Act § 43(a) – VPX)

44. The foregoing allegations of this complaint are incorporated by reference.

45.     VPX's products are used, sold, and/or offered for sale in interstate and foreign commerce.

46.     In connection with its goods or services, VPX has used one or more words, terms, names, symbols, or devices, alone or in combination, as well as false designations of origin, false or misleading descriptions or representations of fact, which are (a)  likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of VPX with NAII, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities by another person, and/or (b) in commercial advertising or promotion (including without limitation its website), VPX misrepresents the nature, characteristics, qualities, or geographic origin of its or VPX's goods, services, or commercial activities.

47.     By reason of VPX's statements and conduct, it has willfully violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and NAII has suffered, and will continue to suffer damage to its business, reputation, and good will and has lost sales and profits that NAII would have made but for VPX's acts.

48.     NAII has been irreparably harmed by VPX's acts in violation of the Lanham Act and has suffered damages in an amount to be determined at trial.

### COUNT V
### (Lanham Act § 43(a) – DNP)

49.     The foregoing allegations of this complaint are incorporated by reference.

50.     DNP's products are used, sold, and/or offered for sale in interstate and foreign commerce.

51.     In connection with its goods or services, DNP has used one or more words, terms, names, symbols, or devices, alone or in combination, as well as false designations of origin, false or misleading descriptions or representations of fact, which are (a) likely to cause confusion, or

to cause mistake, or to deceive as to the affiliation, connection, or association of DNP with NAII, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities by another person, and/or (b) in commercial advertising or promotion (including without limitation its website), ACS misrepresents the nature, characteristics, qualities, or geographic origin of its or NAII's goods, services, or commercial activities.

52.     By reason of DNP'S statements and conduct, DNP has willfully violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and NAII has suffered, and will continue to suffer damage to its business, reputation, and good will and has lost sales and profits that NAII would have made but for DNP'S acts.

53.     NAII has been irreparably harmed by DNP's acts in violation of the Lanham Act and has suffered damages in an amount to be determined at trial.

## COUNT VI
### (Delaware Deceptive Trade Practices - VPX)

54.     The foregoing allegations of this complaint are incorporated by reference.

55.     VPX knowingly and willfully misrepresented to the public that its beta-alanine products were patented.

56.     VPX is not an assignee or licensee to beta-alanine technology, and its misrepresentations were made in bad faith for the purpose of deceiving the public and harming its competition.

57.     VPX has made false and misleading statements and has omitted statements of material fact to the public.

58.     VPX has engaged in other conduct that creates a likelihood of confusion or of misunderstanding regarding the goods or services supplied by NAII.

## COUNT VII
### (Delaware Deceptive Trade Practices - DNP)

59.    The foregoing allegations of this complaint are incorporated by reference.

60.    DNP has knowingly made false and misleading statements and has omitted statements of material fact to the public.

61.    DNP's misrepresentations were made in bad faith for the purpose of deceiving the public and harming its competition.

62.    DNP has engaged in other conduct that creates a likelihood of confusion or of misunderstanding regarding the goods or services supplied by NAII.

63.    DNP has violated the Delaware Deceptive Trade Practices Act, 6 Del. Code § 2531, *et seq.*, and NAII has suffered, and will continue to suffer, damage to its business, reputation, and goodwill.

### REQUEST FOR RELIEF

NAII respectfully requests that this Court enter judgment against VPX and DNP and that the following relief be granted:

    a.    judgment that defendants have infringed claims of the '361 patent (35 U.S.C. § 271);

    b.    judgment that defendants' infringement of claims of the '361 patent was willful;

    c.    judgment that defendants have infringed claims of the '098 patent (35 U.S.C. § 271);

    d.    judgment that defendants' infringement of claims of the '098 patent was willful;

    e.    judgment that defendants have infringed claims of the '596 patent (35 U.S.C. § 271);

    f.    judgment that defendants' infringement of claims of the '596 patent was willful;

f.     injunction against continued infringement (35 U.S.C. § 283);

g.     damages for past infringement (35 U.S.C. § 284);

h.     increased and trebled damages for willful infringement (35 U.S.C. § 284);

i.     imposition of a constructive trust on all proceeds from the sale of accused products;

j.     judgment that defendant VPX has falsely marked its products in violation of 35 U.S.C. § 292 and that VPX shall be fined the full amount of $500 for every such offense as provided by 35 U.S.C. § 292(a);

k.     damages for defendants' violation of the Lanham Act section 43(a);

l.     treble damages and statutory damages;

m.     a preliminary and permanent injunction against continued violations of the Lanham Act;

n.     judgment that defendants have violated Delaware's law of deceptive trade practices;

o.     injunction against continued deceptive trade practices and damages for past violations;

p.     punitive damages allowed by law;

q.     attorneys' fees as allowed by law, including without limitation, 35 U.S.C. § 285 (patent infringement);

r.     costs pursuant to Fed. R. Civ. P. 54(d) or otherwise provided by law; and

s.     such other relief as the Court deems just and appropriate under the circumstances.

## JURY DEMAND

NAII hereby demands a jury trial on all issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Richard J. Oparil
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC  20037
(202) 457-6000

Scott Chambers, Ph.D.
Kevin M. Bell
William John McKeague, Ph.D.
Lacy Kolo, Ph.D.
PATTON BOGGS, LLP
8484 Westpark Drive, Ninth Floor
McLean, Virginia 22102
(703) 744-8000

Dated:  August 20, 2009
930142 / 32914

By:  _____
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     D. Fon Muttamara-Walker (#4646)
     Hercules Plaza 6th Floor
     1313 N. Market Street
     P.O. Box 951
     Wilmington, DE  19899
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com
     fmuttamara-walker@potteranderson.com

*Attorneys for Plaintiff*
*Natural Alternatives International, Inc.*