IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 09-626 (GMS) |
| VITAL PHARMACEUTICALS, INC., and DNP INTERNATIONAL CO., INC., | ) ) ) | |
| Defendants. | ) ) | |

| | |
|---|---|
| VITAL PHARMACEUTICALS, INC., | ) ) |
| Counterclaim/Third-Party Plaintiff, | ) ) ) |
| v. | ) ) ) |
| NATURAL ALTERNATIVES INTERNATIONAL, INC., and COMPOUND SOLUTIONS, INC., | ) ) ) ) |
| Counterclaim/Third-Party Defendants. | ) ) |

| | |
|---|---|
| COMPOUND SOLUTIONS, INC., | ) ) |
| Third-Party Plaintiff, | ) ) ) |
| v. | ) ) ) |
| DNP INTERNATIONAL CO., INC., | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

WHEREAS, on August 20, 2009, plaintiff Natural Alternative International, Inc.

("NAII"), filed a complaint against defendants Vital Pharmaceuticals, Inc. ("VPX"), and DNP

International Co., Inc. ("DNP"), alleging patent infringement, false marking, violations of the Lanham Act § 43(a), and violations of the Delaware Deceptive Trade Practices, 6 Del. Code § 2531 (D.I. 1);

WHEREAS, on January 5, 2011, plaintiff NAII and defendants VPX and DNP filed a "Stipulation and Order to File First Amended Complaint and for Withdrawal of Motions (D.I. 17, 23, 29)," which removed VPX's motion to dismiss (D.I. 17), DNP's motion to dismiss (D.I. 23), and NAII's motion for leave to file an amended complaint (D.I. 29) (D.I. 52);[1]

WHEREAS, on January 6, 2011, plaintiffs NAII, Roger Harris ("Harris"), Mark Dunnett ("Dunnett"), and Kenneth Johannsson ("Johannsson") (collectively "NAII"), filed the First Amended Complaint against defendants VPX and DNP, alleging patent infringement, false marking, violations of the Lanham Act § 43(a), and violations of the Delaware Deceptive Trade Practices, 6 Del. Code § 2531 (D.I. 53);

WHEREAS, on January 24, 2011, VPX filed an answer to the First Amended Complaint, a counterclaim against NAII, and a third party complaint and counterclaims against Compound Solutions, Inc. ("CSI") (D.I. 56);

WHEREAS, on January 24, 2011, DNP filed a motion to dismiss NAII's First Amended Complaint pursuant to the Federal Rules of Civil Procedure, specifically Counts V and VII for lack of subject matter jurisdiction under Rule 12(b)(1) and Counts II, V, and VII for failing to state claims upon which relief can be granted under Rule 12(b)(6) (D.I. 57);

WHEREAS, on March 4, 2011, CSI filed a motion to dismiss VPX's third party complaint pursuant to Rule 12(b)(6) and Rule 9(b) for failing to plead the fraud claims with

---

[1] The defendants VPX and DNP agreed not to contest standing to bring the patent infringement claims (Counts I and II) in the First Amended Complaint. (D.I. 52 ¶ 4) The defendants, however, reserved their rights to move, answer, or other respond to the other claims (Counts III-VII) in the First Amended Complaint. (Id.)

particularity (D.I. 71)[2] and an answer to VPX's third party complaint and a crossclaim against DNP (D.I. 73);

WHEREAS, on March 21, 2011, VPX filed an amended answer, counterclaim, and third party complaint (D.I. 75);

WHEREAS, on March 28, 2011, DNP filed a motion to dismiss CSI's crossclaim, specifically Counts I and II, pursuant to Rule 12(b)(6) (D.I. 80);

WHEREAS, on April 14, 2011, CSI filed a motion to dismiss VPX's amended third party complaint, specifically Counts I, II, and III, pursuant to Rule 12(b)(6) and Rule (9)(b) (D.I. 97);

WHEREAS, on April 14, 2011, NAII filed a motion to dismiss VPX's counterclaim, specifically Count VII, pursuant to Rule 12(b)(6) and Rule 9(b) (D.I. 101);

WHEREAS, the court having considered these pending motions, the responses and replies thereto, and the applicable law, concludes that, the motions should be granted without prejudice, with leave to refile;[3]

IT IS HEREBY ORDERED that:

1. Defendant DNP's Motion to Dismiss First Amended Complaint (D.I. 57) is GRANTED, and Counts II, V, and VII of the First Amended Complaint are dismissed;

2. Defendant DNP's Motion to Dismiss Crossclaim of Third-Party Defendant Compound Solutions, Inc. (D.I. 80) is GRANTED, and Counts I and II of the Crossclaim are dismissed;

---

[2] The court will deny this motion as moot in light of subsequent pleadings. (See D.I. 97.)
[3] As discussed, however, the court will deny CSI's first motion to dismiss (D.I. 71) as moot. See footnote 2.

3.  Compound Solution Inc.'s Motion to Dismiss Vital Pharmaceuticals, Inc.'s Third Party Complaint (D.I. 97) is GRANTED, and Counts I, II, and III of the Third Party Complaint are dismissed; and

4.  Natural Alternatives International, Inc.'s Motion to Dismiss Vital Pharmaceuticals, Inc.'s Counterclaim (D.I. 101) is GRANTED, and Count VII of the Counterclaim is dismissed;

IT IS FURTHER ORDERED THAT any amended pleadings must be filed within fourteen (14) days from the date of this order.

Dated: June 22, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE